1  LATHAM & WATKINS LLP
2    G. Andrew Lundberg (SBN 108509)
    (andy.lundberg@lw.com)
3    Karen R. Leviton (SBN 082301)
    (karen.leviton@lw.com)
4  355 South Grand Avenue, Suite 1500
5  Los Angeles, California 90071-1560
Telephone: (213) 485-1234
6  Facsimile: (213) 891-8763

7  Attorneys for Plaintiff
8  Avery Dennison Corporation

9  HOGAN & HARTSON LLP
  Neil R. O'Hanlon, SBN 67018
    (nrohanlon@hhlaw.com)
10 1999 Avenue of the Stars, Suite 1400
11 Los Angeles, CA  90067
(Tel) 310/785-4600
12 (Fax) 310/785-4601

13 Attorneys for Defendant
Federal Insurance Company
14
15 [Additional counsel on last page]

16             UNITED STATES DISTRICT COURT

17        FOR THE CENTRAL DISTRICT OF CALIFORNIA

18                 WESTERN DIVISION

| | |
|---|---|
| 19  AVERY DENNISON<br>20  CORPORATION,<br>21             Plaintiff,<br>22     v.<br>23  FEDERAL INSURANCE<br>24  COMPANY,<br>25             Defendant. | CASE NO.  CV08-06886 RSWL(MANx)<br><br>**STIPULATION RE:  PROTECTIVE ORDER; [PROPOSED] ORDER**<br><br>Complaint filed: October 20, 2008<br>Trial date:     Not set |

26
27
28

# STIPULATION[1]

IT IS HEREBY STIPULATED by and between plaintiff Avery Dennison Corporation ("Avery Dennison") and defendant Federal Insurance Company ("Federal") as follows:

These proceedings concern a dispute over insurance coverage between an insurer and its policyholder. This Stipulation is entered into to address the handling of materials, documents, deposition transcripts, or other information produced or created in the course of discovery in this action, including privileged Avery Dennison information provided to Federal in confidence and without any intent on either party's part that such provision of information shall operate to waive applicable privileges and protections that are recognized to extend to information provided by an insured to its insurer.

1. The following definitions shall apply to this Stipulation and Order:

   a. "Person" means all individuals and entities;

   b. "Party" means any party to this action;

   c. "Protected Material" means any nonpublic documents, deposition transcripts or tangible things which (i) are deemed in good faith by a party to constitute proprietary information or information otherwise entitled to protection from public disclosure, and designated as such by the party in accordance with the procedures set forth herein, and/or (ii) were provided to Federal by Avery Dennison in the course of the parties'

---

[1] The order the parties request be entered upon this Stipulation is based upon, and is in large part essentially identical to, an Order entered by this Court in *Silicon Valley Bank v. AXA RE UK* (case no. CV-00-10611-RSWL (RCx)) on March 15, 2001.

correspondence regarding the underlying liability matters (including without limitation all legal bills and correspondence concerning them). The term "Protected Material" shall exclude any information or material that becomes public knowledge in a manner other than by violation of this Stipulation and Order; is acquired on a non-confidential basis by any Party from a third party having the right to disclose such information or material; was lawfully possessed on a non-confidential basis by such party prior to the entry by the Court of this Stipulation and Order; or that was lawfully received by a party at any time outside the course of the discovery process in this Action.

      d.     "Qualified Person(s)" means:

          (1)     Counsel who are actively engaged in the conduct of this action, and regular and temporary employees of such counsel assisting in the conduct of this action, including employees of any firm retained by counsel to reproduce or duplicate any discovery material for use in accordance with this Stipulation and Order;

          (2)     Experts or consultants assisting counsel in this action or designated as trial witnesses;

          (3)     Employees of any Party who are assisting counsel in the conduct of this action;

          (4)     Directors, officers, and employees of Parties who are involved in a decision making capacity in the party's conduct of this action or are noticed for depositions or designated as trial witnesses, and their counsel, to the extent deemed necessary by counsel for the witnesses' preparation for testimony;

          (5)     Any reinsurers, retrocessionaires and reinsurance intermediaries, and auditors;

3

    (6) Deponents, and their counsel, during the course of depositions taken in this action;

    (7) Trial witnesses;

    (8) Court reporters; and

    (9) Other persons only upon order of the Court, or with the written consent of counsel for the Parties, which shall not be unreasonably withheld but which may be conditioned upon compliance with paragraph 4(c) herein.

2. Any party may designate Protected Material to be handled in accordance with the terms of this Stipulation by marking "Confidential" on, or physically affixing the designation "Confidential" to, the materials, documents, deposition transcripts or tangible things which are to be so handled.

3. Parties may designate deposition transcripts as Confidential by notifying all other Parties that said deposition transcripts are designated as Confidential, either on the record in the deposition or within fifteen days of the designating party's receipt of the transcript.  A Party's failure to so designate a deposition transcript as Confidential within fifteen days will not waive the Party's designation of any document marked as an exhibit as Confidential.

4. The following restrictions and procedures shall apply to any Protected Material:

  a. Protected Material, including any and all information contained in or derived from Protected Material, shall not be used by any person for business or competitive purposes or for any purpose other than solely for the preparation and trial of this action, including any appeals therefrom;

  b. Access to Protected Material shall be limited to Qualified Persons, the Court and its court reporters, officers, personnel and employees;

  c. Any Qualified Person who makes any disclosure of Protected Material to any other Qualified Person as permitted by this Stipulation and Order shall advise each person to whom such disclosure is made of the terms of this Order, and secure the agreement of such person to be bound hereby prior to being given access to any Protected Material.

  d. Protected Material, or any information contained therein or derived therefrom, may be disclosed to a witness during deposition or trial, subject to the conditions that: (i) the witness is not provided with any such materials to take from the place of the deposition or trial; and (ii) the witness executes an agreement in writing or otherwise makes a statement in the record of these proceedings which recites that he or she has received and read a copy of this Stipulation and Order and agrees to be bound by its provisions.

In the event that any Party determines to file or lodge with the Court any Protected Material or information contained in or derived therefrom, including without limitation transcripts of depositions and/or exhibits thereto or any documents containing Protected Material, the Party shall by motion seek an order permitting such Protected Material to be filed under seal to the extent permitted by Local Civil Rule 79-5 and will cooperate with the designating Party in defending such a motion in the event it is opposed.  Unless modified or superseded by pretrial orders or stipulations, at least ten days prior to trial or any evidentiary hearing, any Party intending to use at the trial or evidentiary hearing Protected Material shall so notify the Party that produced the Protected Material.

  5. Entering into, agreeing to, producing or receiving any Protected Material, or otherwise complying with the terms of this Stipulation and Order shall not:

5

      a.    constitute an admission by any person that any Protected Material as designated by any other person contains or reflects proprietary information; or

      b.    prejudice in any way the rights of any person to object to the production of documents it considers not subject to discovery; or

      c.    prejudice in any way the rights of any person to seek a court determination whether particular discovery materials should be produced or should be subject to the terms of this Stipulation and Order; or

      d.    prejudice in any way the rights of any person to seek a court determination that access to Protected Material should be granted to a person not herein specifically designated to receive the same; or

      e.    prejudice in any way the rights of any person to apply to the Court for a further protective order relating to any information.

6.    The inadvertent production of Protected Material by any Party without having marked and designated the Protected Material as such shall not constitute a waiver of any Party's assertion of confidentiality with respect to any information produced to another Party subject to this Stipulation and Order provided the producing Party, promptly upon discovery of the inadvertent failure to so designate, notifies the non-producing Party of the inadvertent failure to designate and requests that the subject information thereafter be designated and treated as Protected Material.

7.    Privileged Information.

      a.    This action concerns plaintiff Avery Dennison's claims for recovery of certain litigation expenses, specifically whether those expenses constitute "Defense Costs," a term defined by the insurance policy at issue.

b.    Accordingly, the Parties expect to produce and rely upon privileged information that was or is provided to Federal during or after the course of the underlying liability matters with respect to the disputed litigation expenses and additional privileged information created with respect to those matters, including without limitation statements for legal expenses, legal analyses of the underlying matters, and privileged or confidential documents in Federal's claim file, as evidence in this action.

c.    The Parties agree that by virtue of their relationship as insurer and insured, the exchange of such privileged information in this action is not intended to, and should not be deemed, a waiver of any privilege applicable to such information. *See, e.g.*, *Ins. Co. of N. America v. Super. Ct.*, 108 Cal. App. 3d 758, 767 (1980) (because "privilege extends to communications which are intended to be confidential, if they are made to attorneys, to family members, business associates, or agents of the party or his attorneys on matters of joint concern, when disclosure of the communication is reasonably necessary to further the interest of the litigant," disclosure of privileged information to insurer does not waive privilege).

d.    Either party producing such privileged information in the course of discovery or introducing it before the Court shall (i) suitably identify it as privileged as between the parties, and (ii) seek an order and otherwise use its best efforts to file it under seal in accordance with Local Civil Rule 79-5.

8.    In addition to the understandings and procedures set forth in this Stipulation and Order, the parties intend that the provisions of Fed. R. Evid. 502 shall apply to these proceedings and, consistent with Fed. R. Evid. 502(d), the disclosure of any privileged or protected information in this matter shall not

7

constitute a waiver of the privilege or protection for the purposes of this or any other federal or state proceeding.

9. For good cause shown any Party may seek a modification, supplementation or termination of the terms of this Stipulation and Order by attempting to obtain the consent of the other Party. Absent such consent, the Party may make an appropriate application to the Court upon notice.

10. This Stipulation and Order may be amended to prevent manifest injustice and shall be amended to conform to any future amendments to the Federal Rules of Civil Procedure, the Federal Rules of Evidence or the Local Civil Rules. Additional Orders may also be entered whenever deemed appropriate.

Dated: April 13, 2009          LATHAM & WATKINS LLP
                                  G. Andrew Lundberg
                                  Karen R. Leviton


                               By  /s/ G. Andrew Lundberg
                                   G. Andrew Lundberg

                               Attorneys for Plaintiff
                               Avery Dennison Corporation

Dated: April 13, 2009          HOGAN & HARTSON LLP
                                  Neil R. O'Hanlon
                                  David Newmann
                                  Michael S. Steinberg


                               By  /s/ Michael S. Steinberg

                               Attorneys for Defendant
                               Federal Insurance Company

## **ORDER**

Good cause appearing therefore, IT IS HEREBY ORDERED THAT:

Based on the stipulation of the parties, the terms of the Stipulation Re: Protective Order are adopted as an Order of this Court.  The parties are expressly cautioned, however, that this Order regarding the Stipulation Re: Protective Order in and of itself, creates no entitlement to file under seal information, documents, or things designated as Protected Material or privileged information by the parties. Accordingly, reference to this Order or to the parties' designation of any information, document, or thing as Protected Material or privileged information is wholly insufficient to warrant filing under seal.  Good cause must be shown to support a filing under seal, and the parties' mere designation of any information, document, or thing as Protected Material or privileged information does not -- without the submission of competent evidence establishing the confidential, proprietary, and/or privileged nature of the material sought to be filed under seal -- establish good cause.

Dated: June 10, 2009

　　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　Margaret A. Nagle
　　　　　　　　　　　　　　　　　United States Magistrate Judge